1
2
3
4
5
6
7

# UNITED STATES  DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| ASHARFUN NISHA HAFIZ, | No. C 14-00387 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| NATIONSTAR MORTGAGE, LLC, | [Re: ECF No. 7] |
| Defendant. | |
| _____/ | |

On December 16, 2013, Plaintiff Asharfun Hafiz filed a form complaint against Defendant Nationstar Mortgage, LLC ("Nationstar") in small claims court in Alameda County.  *See* Complaint, ECF No. 1 at 5-10.  In that complaint, Ms. Hafiz alleges that Nationstar violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, one or more times from January 1, 2013 through December 10, 2013 and owes her $1,000 per violation.  *See id.* at 6.  This is the extent of Ms. Hafiz's factual allegations.

On January 27, 2014, Nationstar removed the action to federal court based on federal question jurisdiction arising out of Ms. Hafiz's FDCPA claim.  *See* Notice of Removal, ECF No. 1 at 2. Before the court is Nationstar's motion to dismiss Ms. Hafiz's Complaint.  Motion to Dismiss, ECF No. 7.  Ms. Hafiz did not file an opposition.

Nationstar makes three arguments in support of the motion: (1) Ms. Hafiz failed to meet her pleading burden under Fed. R. Civ. P. Rule 8; (2) it is not a "debt collector" as defined under the FDCPA and therefore cannot be held directly liable for violation of the FDCPA; and (3) Ms. Hafiz

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1    never formally disputed receiving the subject loan or the subject loan proceeds underlying the loan

2    before filing the Complaint.

3        A complaint must contain a "short and plain statement of the claim showing that the pleader is

4    entitled to relief" and must give a defendant fair notice of the claims and the grounds for relief.

5    Fed. R. Civ. P. 8(a)(2); *see Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  A complaint

6    must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on

7    its face.  *See id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows

8    the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

9    *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a

10   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

11   unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 557).  "While a complaint . . . does not need

12   detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

13   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

14   cause of action will not do.  Factual allegations must be enough to raise a right to relief above the

15   speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

16       The court agrees with Nationstar's first argument that Ms. Hafiz failed to meet her pleading

17   burden under Fed. R. Civ. P. Rule 8 by failing to plausibly state a claim for relief.  While Ms. Hafiz

18   alleges that "debt is disputed" and that Nationstar violated the FDCPA, she fails to allege factual

19   matter sufficient to give Nationstar fair notice of the claims against it and the court adequate detail to

20   consider Nationstar's second and third arguments for dismissal.  For instance, given the complete

21   lack of factual allegations, the court cannot assess whether Nationstar is a "debt collector" subject to

22   the FDCPA or whether Ms. Hafiz sufficiently disputed the subject loan.  Without more, the

23   Complaint is entirely conclusory.  Accordingly, the court GRANTS Nationstar's motion and

24   dismisses without prejudice Ms. Hafiz's Complaint.[1]

25       Ms. Hafiz may file an amended complaint curing the deficiency described above by April 8,

26

27

28       [1] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination
without oral argument and vacates the March 20, 2014 hearing.

C 14-00387 LB
ORDER

2

2014.[2]  She should include in it all necessary and relevant facts in support of her FDCPA claim.

This disposes of ECF No. 7.

**IT IS SO ORDERED.**

Dated: March 17, 2014

_____
LAUREL BEELER
United States Magistrate Judge

---

[2] The court also declines to take judicial notice of the documents attached to the Request for Judicial Notice at this time.  Upon subsequent motions, Nationstar may resubmit the documents for judicial notice as appropriate.

UNITED STATES DISTRICT COURT
For the Northern District of California