UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ASHARFUN NISHA HAFIZ,<br><br>        Plaintiff,<br>    v.<br><br>NATIONSTAR MORTGAGE,<br><br>        Defendant.<br>_____/ | No. C 14-00387 LB<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION** |

On December 16, 2013, Plaintiff Asharfun Hafiz filed a form complaint against Defendant Nationstar Mortgage, LLC ("Nationstar") in small claims court in Alameda County. *See* Complaint, ECF No. 1 at 5-10. In that complaint, Ms. Hafiz alleged that Nationstar violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, one or more times from January 1, 2013 through December 10, 2013 and owes her $1,000 per violation. *See id.* at 6. This is the extent of Ms. Hafiz's factual allegations.

On January 27, 2014, Nationstar removed the action to federal court based on federal question jurisdiction arising out of Ms. Hafiz's FDCPA claim. *See* Notice of Removal, ECF No. 1 at 2. Nationstar then moved to dismiss Ms. Hafiz's complaint. Motion to Dismiss, ECF No. 7. Ms. Hafiz did not file an opposition.

The court agreed with Nationstar's argument that Ms. Hafiz failed to meet her pleading burden under Fed. R. Civ. P. Rule 8 by failing to plausibly state a claim for relief. While Ms. Hafiz alleged that "debt is disputed" and that Nationstar violated the FDCPA, she failed to allege factual matter

C 14-00387 LB
ORDER

sufficient to give Nationstar fair notice of the claims against it and the court adequate detail to consider Nationstar's other arguments.  For instance, given the complete lack of factual allegations, the court could not assess whether Nationstar is a "debt collector" subject to the FDCPA or whether Ms. Hafiz sufficiently disputed the subject loan.  Accordingly, the court granted Nationstar's motion and dismissed without prejudice Ms. Hafiz's complain.  The court allowed Ms. Hafiz to file an amended complaint curing the deficiency described above by April 8, 2014.

It is now April 18, 2014, and Ms. Hafiz has not filed an amended complaint, and the court has received no further indication that she intends to prosecute this action.  *See generally* Docket.

A court may dismiss an action based on a party's failure to prosecute an action.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995).  These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.'"  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors support dismissal.  Ms. Hafiz has not filed an amended complaint, and it is past the court's deadline for doing so.  The court also has received no other indication that she intends to proceed with her litigation.  This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving.  There also is no risk of prejudice to Nationstar.  Finally, the court gave her a clear deadline to file an amended complaint and explained the deficiencies in her original complaint, but she has failed to take advantage of these opportunities.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal.

1  Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Ms. Hafiz's action for failure to
2  prosecute.  The Clerk of the Court shall close the file.
3      **IT IS SO ORDERED.**
4  Dated: April 18, 2014



                LAUREL BEELER
                United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**